IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OMARI FOSTER | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. ELH-16-703 |
| | | |
| PAROLE OFFICE | * | |
|  (*Day Role Call and Probation*) | | |
| CATONSVILLE FIELD OFFICE | * | |
|     Defendants. | | |
| | ***** | |

**<u>MEMORANDUM</u>**

On March 9, 2016, Omari Foster, a resident of Windsor Mill, Maryland, filed this self-represented action invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. ECF 1. Foster seeks the "removal of probation" and other miscellaneous non-compensatory relief, alleging that personnel at Maryland's Parole Field Office in Catonsville, Maryland committed fraud related to unspecified "ID and information, documents, fraudulent statements and writings." He seemingly claims that he was given probation for a crime he was not guilty of and for another offense that was nolle prossed. ECF 1 at 3-4. Additionally, Foster contends that courthouse staff have committed fraud and misconduct as they have acknowledged the "problem" but have not taken action to correct it. *Id*. at 4.

Plaintiff has also filed a motion for leave to proceed in forma pauperis. ECF 2. Because he appears indigent, Foster's motion shall be granted.

Foster's suit asks this court to compel probation and court officials to modify his sentence. Therefore, I shall construe it as a petition for mandamus relief. But, for the reasons that follow, the suit will be dismissed

The state court docket shows that Foster was charged in the District Court for Baltimore County with disorderly conduct and disturbing the peace; he entered a plea of not guilty to the charge of disorderly conduct; and on November 25, 2015, he received a disposition of supervised probation before judgment ("PBJ"). The charge of disturbing the peace was dismissed. *See State v. Foster*, Case No. 4C00420473 (District Court for Baltimore County (copy attached). According to the state court docket, plaintiff's PBJ is to end on May 25, 2017.

Under 28 U.S.C. § 1361, district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999).

Should Foster look to 28 U.S.C. § 1651, the "all writs statute," as a source of mandamus authority, relief would still be unavailable. A writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 nn. 2–4 (4th Cir. 1969) (per curiam)). "A federal district court may issue a writ of mandamus only against an employee or official *of the United States.*" *Id.* (citing *Moye v. Clerk, DeKalb Cty. Superior Court,* 474 F.2d 1275, 1275–76 (5th Cir. 1973) (per curiam) (discussing how federal courts lack jurisdiction over mandamus actions where the plaintiff seeks to have the federal court compel an officer or employee of a state to perform an action)).

2

This court has no authority to provide the relief sought by Foster. He may, however, file the appropriate action in state court to modify his state court criminal sentence.[1]

The action shall be dismissed by separate Order, which follows.

Date: March 14, 2016.                              /s/
                                            Ellen L. Hollander
                                            United States District Judge

---

[1] If Foster wishes to seek habeas corpus review of an alleged wrongful conviction, he must first complete exhaustion of all state appellate and post-conviction remedies.   *See Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray,* 18 F.3d 237, 239 (4th Cir. 1994).