IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OMARI B. FOSTER     *
   Petitioner,
 v.       *  CIVIL ACTION NO. ELH-16-703

PAROLE OFFICE    *
 *(Day Role [sic] Call and Probation*)
   Respondent.   *
        *****

## MEMORANDUM

On March 9, 2016, petitioner Omari Foster, who is self-represented, filed what has been construed as a petition for writ of mandamus, seeking to terminate his probation. ECF 1. He alleged that staff at the Maryland Parole Office in Catonsville, Maryland and clerks at a State courthouse committed fraud, and he was given probation for two crimes for which he was not convicted. *Id.* On March 14, 2016, this court issued a Memorandum (ECF 3) and Order (ECF 4), concluding that it was without jurisdiction under 28 U.S.C. § 1361 or § 1651 to compel State officers to take action. *Id.*

On or about April 5, 2016, the court received Foster's motion seeking reconsideration, dated March 25, 2016. ECF 8. No hearing is necessary to resolve the motion. *See* Local Rule 105.6. For the reasons set forth below, I shall deny the motion.

### I. Factual and Procedural Background[1]

Foster continues to claim that evidence is being withheld and/or destroyed. ECF 8. He alleges that he "charged the parties with fraud and not a charge of mandamus." *Id.* at 1.2  Foster

---

[1] The Court incorporates here any additional facts set forth in ECF 3.

[2] The Court liberally construes the allegations in a suit filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

contends that parole employees "were left mandamus orders to disperse a reward to me and refused to do so, instead [they] put me on probation for a year and a half unlawfully and make me participate in community service…" *Id*.

## II. Discussion

A party may move to alter or amend a judgment under Rule 59(e), or seek relief from a judgment or order under Rule 60(b). *See* Fed. R. Civ. P. 59 (e); Fed. R. Civ. P. 60 (b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59 (e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d. 1, 2-3 (4th Cir. 1992). As Foster's motion was filed before the expiration of the 28 day period, it shall be evaluated under Rule 59(e).

A district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002). Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has clarified: "Our case law makes clear [ ] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.' " *Pac. Ins. Co.*

*v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). "A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir.1995).

Notably, a losing party's "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see United States ex rel. Becker*, 305 F.3d at 290.  Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac Ins. Co.,* 148 F.3d at 403 (citation omitted).

Foster does not contend that there has been an intervening change in controlling law or newly discovered evidence.   Rather, he seemingly expresses his disagreement with the court's ruling.  He does not, however, set forth any grounds under Rule 59(e) for reconsideration of the Memorandum and Order denying his request for mandamus relief.  Therefore, the court will deny Foster's motion.

An Order follows.

Date:  May 3, 2016                                    _____/s/_____

                                                                    Ellen L. Hollander
                                                                    United States District Judge